IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 21, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

| | |
|---|---|
| **MALIK AL-SHABAZZ,** | )<br>) |
| Petitioner, | )<br>) Case No. 7:23CV00138<br>) |
| v. | ) **OPINION**<br>) |
| **J. C. STREEVAL,** | ) JUDGE JAMES P. JONES<br>) |
| Respondent. | )<br>) |

*Malik Al-Shabazz, Pro Se Petitioner; Justin M. Lugar, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for Respondent.*

Malik Al-Shabazz, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] He contends that prison officials have failed to apply sentence credits he has earned under the First Step Act of 2018 (FSA). After review of the record, I conclude that the respondent is entitled to summary judgment.

---

[1] The record indicates that when Al-Shabazz filed his § 2241 petition, he was confined at the United States Penitentiary Lee (USP Lee), located within this judicial district.

I.

Al-Shabazz is in the custody of the Federal Bureau of Prisons (BOP), serving a sentence imposed by the United States District Court for the District of South Carolina in April 2021. The allegations in his § 2241 petition are sparse:

> Under 18 U.S.C. § 3632(d)(4)(A)(i) as a[n] eligible inmate FSA permits 10 days of time credits of programming days for every 30 days of programming until the statutory maximum of 365 days is reached.
>
> On April 9, 2021, I was committed to the BOP for 96 months. I have been accruing days of programming under 18 U.S.C. § 3632(d)(4)(A)(i). I have earned at least 365 days of time credits via FSA, however the credits have not been applied to my pre-release custody, supervised release, or projected release in compliance with 18 U.S.C. § 3632(d)(4)(C).

Pet. 6–7, ECF No. 1. As relief in his § 2241 petition, Al-Shabazz seeks a court order directing "BOP to apply the time credits [he has] earned toward time in pre-release custody or supervised release in compliance with 18 U.S.C. § 3632(d)(4)(A), (C)." *Id.* at 8.

The respondent has filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. The respondent's motion is supported by a declaration by Misty Shaw, a paralegal who has access to and has reviewed records on Al-Shabazz's incarceration in SENTRY, the BOP computer database that tracks BOP inmates' status, activities, and administrative remedies. Mem. Supp. Mot. Dismiss Ex. 1, Shaw Decl., ECF No. 6-1. The court notified Al-Shabazz of his opportunity

to respond to the motion, but the time allotted for his response has elapsed, and he has not responded.

As discussed below, Shaw's undisputed evidence is that Al-Shabazz did not exhaust his claim for FSA sentence credits through all available levels of the BOP grievance procedure. In addition, Al-Shabazz has not demonstrated that he is eligible to have good time credit he has earned under the FSA applied against any of his sentence terms, given the assessment of his risk of recidivism.

II.

Although § 2241 does not contain a statutory exhaustion requirement, courts ordinarily require petitioners to exhaust available administrative remedies prior to seeking habeas review under § 2241. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (unpublished) (upholding dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241 petition).

The BOP has a multi-level administrative remedy procedure through which an inmate may seek a formal review of an issue or complaint relating to his confinement, 28 C.F.R. §§ 542.10–542.19. The inmate must first attempt informal resolution of his issue by presenting his complaint to staff, using a form commonly referred to as a BP-8. If that effort is unsuccessful, the inmate may then submit a

Request for Administrative Remedy, commonly referred to as a BP-9. These two steps are to be completed within twenty days of the occurrence that is the subject of the inmate's complaint. If the inmate is not satisfied with the warden's response to the BP-9, he has twenty days to file a Regional Administrative Remedy Appeal, known as a BP-10, that will be answered by the Regional Director. If dissatisfied with the Regional Director's response, the inmate has thirty days to file a Central Office Administrative Remedy Appeal, known as a BP-11, which is directed to the Central Office of the BOP. A BP-11 is the final administrative level of review. No administrative remedy appeal is fully exhausted until it is decided on the merits by staff in the BOP Central Office.

The undisputed evidence is that Al-Shabazz has filed only one administrative remedy complaining that he is not receiving sentence credits he has earned under the FSA. Specifically, he filed administrative remedy 1153004-R1 to the regional level, asking for FSA credits. The remedy was rejected, however, and Al-Shabazz did not seek further review of his claim under the other procedures available to him. Therefore, he did not properly exhaust his administrative remedies. His failure to exhaust his administrative remedies properly before filing his § 2241 petition is grounds for dismissal of this action.[2]

---

[2] Failure to exhaust may be excused only by a showing of cause and prejudice. *McClung*, 90 F. App'x at 445. As stated, however, Al-Shabazz failed to offer evidence

Moreover, because Al-Shabazz has been assessed as a high risk of recidivism, he is not eligible to receive any good time he may have earned under the FSA. The FSA provides inmates (with some exceptions) the opportunity to earn 10 to 15 days of good time credits for every 30 days of successful participation in certain types of programing aimed at reducing risk of recidivism or other positive activities. 18 U.S.C. § 3632(d)(4)(A). The earned good time credits can be applied toward earlier placement in prerelease custody or to reduce a term of supervised release. 18 U.S.C. § 3632(d)(4)(C). An inmate may have the sentence credit applied, however, only if he is assessed as a minimum or low risk of recidivism. 28 C.F.R. § 523.42 (explaining how inmates earn FSA sentence credits); 28 C.F.R. § 523.44 (limiting application of FSA sentence credits to eligible inmates who also have "demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment").

BOP staff assess inmates for their risk of recidivism regularly, and an inmate's risk assessment can change over time. The assessment process utilizes the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN). Among other things, the PATTERN system is designed to: (1) determine an inmate's recidivism risk; (2) assess his risk of violent or serious misconduct; (3) determine the type and

---

contradicting the respondent's exhaustion evidence, and he also failed to show cause for his failure to do so.

amount of programming appropriate to reduce his risk of reoffending; (4) regularly assess his recidivism risk and programming needs; and (5) determine when he is ready to transfer to prerelease custody or supervised release. 18 U.S.C. § 3632(a). Each inmate's PATTERN score is periodically determined by assigning point values to factors such as current age; severity of the current offense(s); sex offender status; prison rule infractions or incidents, including seriousness and timing; participation in drug treatment, work, and education programming; history of violence; and history of escape. 18 U.S.C. § 3632. Inmates with PATTERN scores of medium or high risk of recidivism (with some exceptions) can earn FSA sentence credits, but they are ineligible to have the credits applied to reduce custody or supervised release until their recidivism assessment is reduced to minimum or low risk. *Holmes v. Sage*, No. 1:22-CV-923, 2022 WL 2791755 (M.D. Pa. July 15, 2022) (denying habeas relief under 28 U.S.C. § 2241 because Holmes had a medium risk of recidivism).

Thus, to be eligible for application of the FSA sentence credits Al-Shabazz has earned, he would have to achieve a recidivism risk assessment of minimum or low risk using the PATTERN tool. It is undisputed that Al-Shabazz had a recidivism risk assessment of high as recently as December 8, 2022. He offers no evidence that his risk assessment as changed since then. Therefore, he has not demonstrated that even if he had exhausted his administrative remedies, he would be entitled to the

relief he seeks in this action, namely, to have good time credits earned under the FSA applied against his prelease custody or his term of supervised release.

III.

For the stated reasons, I will grant the motion to dismiss and dismiss the § 2241 petition with prejudice.

A separate judgment will be entered herewith.

                                DATED:  March 21, 2024

                                /s/  JAMES P. JONES
                                Senior United States District Judge